UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIHAD CHASE,                )
                            )
            Petitioner,     )
                            )
v.                          )   Civil Action No. 11-0075 (RJL)
                            )
JOHN RATHMAN,               )
                            )
            Respondent.     )

## MEMORANDUM OPINION

Petitioner has been convicted of various felony offenses in the Superior Court of the District of Columbia. See Pet. at 2. On direct appeal to the District of Columbia Court of Appeals, the court affirmed in part and reversed in part. Id. at 3.[1] Petitioner also filed a motion in the Superior Court under the Innocence Protection Act claiming actual innocence and requesting a new trial; after an evidentiary hearing, the motion was denied on October 4, 2010.[2] Id. at 3-4.

According to petitioner, he is actually innocent of the crimes for which he was convicted, and the prosecutor secured his conviction based on "unsubstantiated allegations" which "inflam[ed] the jurors' passions." Id. at 5. In addition, petitioner claims ineffective assistance of both trial counsel and appellate counsel. See id. at 5-6.

---

[1] The Court of Appeals decided petitioner's appeal without a published opinion. See Chase v. United States, 930 A.2d 267 (D.C. 2007) (table), cert. denied, 129 S. Ct. 185 (2008).

[2] A person convicted in the Superior Court "may move the court to vacate the conviction or to grant a new trial on grounds of actual innocence based on new evidence." D.C. Code § 22-4135(a).

1

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[3] D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

Petitioner states that he has not filed a motion in the Superior Court under D.C. Code § 23-110 because appellate counsel "wrongly advised . . . that he could not file" such a motion, and as a result he "was foreclosed from seeking relief" under that provision. Pet. at 6. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). That petitioner may be barred procedurally from filing a motion under D.C. Code § 23-110 does not render this local remedy inadequate or

---

[3] The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2073 (2010).

2

ineffective. *See id; see also Morton v. United States*, No. 07-5253, 2008 WL 4726051, at *1 (D.C. Cir. June 12, 2008) (denying request for certificate of appealability on the ground that appellant "may not challenge his District of Columbia convictions in federal court unless his remedy under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his detention . . ., and [t]he § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied").

D.C. Code § 23-110 does not bar a District of Columbia Code offender from bringing in federal district court a claim of ineffective assistance of appellate counsel. *Williams v. Martinez*, 586 F.3d 995, 998-99 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 2073 (2010). In this case, petitioner neither alleges that he has challenged the Superior Court's ruling on remand nor has filed a motion in the District of Columbia Court of Appeals to recall its mandate.[4] His apparent failure to seek recall of the mandate does not allow this court to entertain his petition, and it does not render his remedy in the District of Columbia Court of Appeals inadequate or ineffective. *See Collier v. United States*, No. 99-5120, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999) (per curiam) (concluding that a petitioner's "[f]ailure to prevail in [the District of Columbia Court of Appeals] does not render his local remedies inadequate or ineffective"), *cert. denied*, 529 U.S. 1118 (2000); *Hunter v. Middlebrooks*, No. 10-1621, 2010 WL 3926075, at *2 (D.D.C. Oct. 5, 2010) ("[Petitioner's] failure to file a motion to recall the mandate does not render his

---

[4] The Superior Court cannot entertain a claim of ineffective assistance of appellate counsel on a motion under D.C. Code § 23-110. *Williams v. Martinez*, 586 F.3d at 998. The proper means for presenting a claim of ineffective assistance of appellate counsel is by motion in the District of Columbia Court of Appeals to recall its mandate. *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987); *Wu v. United States*, 798 A.2d 1083, 1090 (D.C. 2002) (stating than an ineffective assistance of appellate claim "must be raised by filing a motion to recall the mandate in the direct appeal").

remedy in the District of Columbia Court of Appeals inadequate."); *Briscoe v. Wagner*, No. 10-0710, 2010 WL 1904925, at *1 (D.D.C. May 5, 2010) (dismissing ineffective assistance of appellate counsel claim where plaintiff did not allege that he had moved to recall the mandate); *Johnson v. Stansberry*, No. 10-0178, 2010 WL 358521, at *2 (D.D.C. Jan. 29, 2010) (denying habeas petition where petitioner "did not move to recall the mandate [and had] not exhausted his local remedies").

For these reasons, the petition for a writ of habeas corpus will be denied. An Order accompanies this Memorandum Opinion.

DATE:

2/16/11

/s/ RICHARD J. LEON
United States District Judge

4